**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7195**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALIA MARQUEZ BERNAL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:14-cr-00023-JAB-2; 1:15-cv-00521-JAB-LPA)

Submitted:  October 28, 2019                    Decided:  December 16, 2019

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Dalia Marquez Bernal, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dalia Marquez Bernal seeks to appeal the district court's order adopting the magistrate judge's recommendations and dismissing her 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a movant satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

We have independently reviewed the record and conclude that Bernal has not made the required showing. In the district court, Bernal challenged her 18 U.S.C. § 924(c) (2012) convictions based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, the predicate offenses for her § 924(c) convictions were Hobbs Act robberies committed on February 8, 2013 and February 10, 2013, which are crimes of violence under the force clause of § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) ("Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). On appeal, Bernal also asserts an ineffective assistance of counsel claim, which similarly lacks

2

merit.  We therefore conclude that Bernal fails to make a substantial showing of the denial of a constitutional right.

Accordingly, we deny a certificate of appealability, deny the pending motions, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*